

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1710 | **DATE** | 2/7/2012 |
| **CASE TITLE** | Sami Soskin Guzick vs. United Parcel Service, Inc. | | |

## DOCKET ENTRY TEXT

Motion to Vacate Dismissal and Reinstate Case [6] is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

  Pro se Plaintiff Sami Soskin Guzick ("Guzick") initiated a civil rights lawsuit against Defendant United Parcel Service, Inc. ("UPS") on March 17, 2010. Because Guzick failed to serve UPS within 120 days after the complaint was filed, on August 13, 2010, the Court dismissed the case without prejudice pursuant to Federal Rule of Civil Procedure 4(m). On August 1, 2011, Guzick filed the instant motion to vacate dismissal and reinstate her case. For the following reasons, the motion is denied.

  Grounds for relief from a final judgment, order, or proceeding include, among other things: "mistake, inadvertence, surprise, or excusable neglect"; "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(3),(6). Rule 60(b) "places a heavy burden on the party seeking to undo an existing judgment." Disch v. Rasmussen, 417 F.3d 769, 778-79 (7th Cir. 2005). Indeed, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Wickens v. Shell Oil Co., 620 F.3d 747, 759 (7th Cir. 2010) (citing Dickerson v. Bd. of Educ., 32 F.3d 1114, 1116 (7th Cir. 1994)).

  Guzick characterizes her failure to serve UPS as "one mistake after another." Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. to Vacate Dismissal & Reinstate Case 1 [Hereinafter Pl.'s Reply]. Specifically, Guzick contends that she erroneously sent a request for waiver of service of summons to attorney Andrew Hettinga ("Hettinga") because he had previously represented UPS in Guzick's administrative action filed with the EEOC against UPS. Guzick further asserts that she "was mistakenly under the impression that Mr. Hettinga was the proper authority to address the Request for Waiver of Summons." Mot. to Vacate Dismissal & Reinstate Case 1. Hettinga never responded. Even if Hettinga was the proper authority to request a waiver of service of summons, "[n]othing in Rule 4 obliges a defendant to execute a waiver of service." Troxell v. Fedders of N. Am. Inc., 160 F.3d 381, 383 (7th Cir. 1998). As UPS points out, Guzick has made no attempt at formal service of process under Rule 4(h). Unfortunately for Guzick, she has simply failed to comply with Rule 4. Although courts are "mindful of the challenges facing pro se litigants," Ford v. Allegheny Ludlum, 363 F. App'x 398, 399 (7th Cir. 2010), it is well established that "pro se litigants are not excused from

| STATEMENT |
|---|

compliance with procedural rules," Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). The mistakes made by Guzick are not excusable and do not justify relief under Rule 60(b)(1).

Similarly, even liberally construing Guzick's pleadings, she cannot establish excusable neglect. Guzick submits that she has "for two years tried to navigate the legal system, understand the laws and rules of procedure." Pl.'s Reply 2. Guzick's stated efforts, however, do not justify relief under Rule 60(b)(1). "The excusable neglect standard can never be met by a showing of inability . . . to read and comprehend the plain language of the federal rules." Prizevoits v. Ind. Bell Tel. Co., 76 F.3d 132, 133 (7th Cir. 1996) (internal quotation marks and citation omitted). Here, Rule 4 explicitly provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). "Furthermore, Rule 4(d)(5) makes clear that the only penalty a defendant . . . will suffer for insisting on formal service is an assessment against it of the costs of service." Troxell, 160 F.3d at 383. Guzick's apparent mistake in construing Rule 4 does not constitute excusable neglect.

Guzick also asserts that she was hindered in pursuing her claims against UPS by a custody battle with her ex-husband and her status as a single working mother without resources. But Plaintiff has not explained why her personal difficulties prevented her from advising the Court of her situation and requesting an extension of time to serve UPS prior to the dismissal of her case. See Harrington v. City of Chi., 433 F.3d 542, 548 (7th Cir. 2006). Guzick's personal difficulties cannot excuse her failure to serve UPS. See id.

Next, Guzick seeks to blame Hettinga for her failure to serve UPS. Guzick appears to argue that Hettinga's decision not to respond to the request for waiver of service of summons somehow constitutes misrepresentation, or misconduct by an opposing party under Rule 60(b)(3). This argument is meritless. Finally, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 393 (1993). Guzick has not presented exceptional circumstances to justify relief under Rule 60(b). Accordingly, the motion is denied.

    IT IS SO ORDERED.

FILED
2012 FEB -8 AM 9:39
CLERK
U.S. DISTRICT COURT